**UNITED STATES**

v.

**Alejandro SERRANO, 584–58–8626, Lieutenant Junior Grade (O–2E), U.S. Naval Reserve.**

**NMCM 98–01260.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 30 March 1998.

Decided 17 Sept. 1999.

LCDR Robert C. Klant, JAGC, USN, Appellate Defense Counsel.

LtCol Steven P. Hammond, USMCR, Appellate Government Counsel.

Capt Michael D. Tencate, USMC, Appellate Government Counsel.

Before DeCICCO, Chief Judge, TROIDL, Senior Judge, and ANDERSON, Appellate Military Judge.

DeCICCO, Chief Judge:

In accordance with his guilty pleas, LTJG Serrano was convicted by a general court-martial of negligent dereliction of duty, making false official statements, and three instances of assault with a means likely to produce grievous bodily harm in violation of Articles 92, 107, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, and 928 (1994). The military judge sentenced him to confinement for nine months and a dismissal from the service. The convening authority approved the sentence, but suspended three months of the adjudged confinement and exempted a portion of the automatic forfeiture of pay.

The appellant now argues that his guilty pleas to two of the assault specifications were improvident, and that his sentence is inappropriately severe. We have examined the record of trial, the assignments of error and the Government's response. We have concluded that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

Specifications 1 and 2 of Charge VI alleged that in August and October 1996, respectively, LTJG Serrano, a Navy physician's assistant, assaulted his wife with a means likely to produce grievous bodily harm by cutting her on the stomach with a surgical knife. The distinctive facts of this case were described at trial by LTJG Serrano and are contained in a stipulation of fact. Prosecution Exhibit 1. After telling his wife that he was bothered by a stretch mark on her abdomen, the appellant convinced her to allow him to try to surgically remove the tissue in a procedure at home. He performed the procedure in the

bedroom of their Virginia Beach apartment without appropriate sterile conditions and emergency equipment. He injected a local anesthetic into her abdomen and cut off the stretch mark. During the procedure, the anesthetic appeared to wear off because the appellant's wife winced and made faces. He then gave her another injection. The appellant acknowledged that he was not trained and did not have the experience to attempt such a procedure, and that he really did not know what he was doing. He also later told the military judge that he had cut to a depth of a sixteenth of an inch, and that abdominal arteries were only a quarter of an inch below the surface of the skin. He admitted that a "good potential" existed for him to have cut one of the arteries and that he had no equipment available to cauterize such a wound. He said that there was also a possibility that his wife could have reacted badly to the anesthesia and gone into cardiac arrest. He also did not have any resuscitative equipment available. The appellant further described that he had his stepdaughter assist during the procedure by absorbing the bleeding with gauze. She did not wear gloves. For all of these reasons, he admitted that his conduct constituted a means likely to produce grievous bodily harm.

Not satisfied with his work after the first procedure, LTJG Serrano convinced his wife to undergo a second procedure to correct the first. This operation was also done at home under similar conditions, and for the same reasons, he admitted that it constituted the offense of assault with a means likely to produce grievous bodily harm.

■■■ LTJG Serrano now asserts that his pleas to these two assaults were improvident because his wife consented to the procedures, and that the facts do not support the acceptance of his guilty pleas. Contrary to the appellant's position, the law does not recognize consent as a defense to an act that is likely to produce grievous bodily harm or death. *United States v. Outhier,* 45 M.J. 326, 330 (1996). As for the second prong of his argument, the record adequately sup-

ports his guilty pleas. In addition to the detailed stipulation of fact, the appellant not only provided his legal conclusions as to his guilt, but he also described why his acts constituted a means likely to produce grievous bodily harm. The non-sterile setting, the lack of appropriate equipment, his lack of training and experience, and the dangerous proximity of certain arteries during an invasive procedure, all support his pleas. The existence of these factors in the record sufficiently distinguishes this case from our superior Court's holding in *Outhier.* Based on this record, we find no substantial basis in law and fact to reject the guilty pleas. *United States v. Prater,* 32 M.J. 433 (C.M.A.1991). Therefore, this assignment of error lacks merit.

■■■ As for the appropriateness of the sentence, we have considered the appellant's background and military record as well as all of the matters he submitted in extenuation and mitigation. We have also considered the nature and seriousness of the offenses for which he was convicted. He was derelict as a health care provider in prescribing Prozac for himself and his wife. He made false statements about his medical background to avoid disqualification for sea duty. He engaged in the above-described home surgery on his wife, and he drove his automobile at his stepdaughter to put her in fear of being hit. We have concluded that notwithstanding his many years of service, the sentence is not inappropriately severe.

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Senior Judge TROIDL and Judge ANDERSON concur.